

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00289-CR

JERROD ALLEN STANDRIDGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32443A, Honorable Dee Johnson, Presiding

June 23, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] Pursuant to a plea of not guilty, Appellant Jerrod Allen Standridge, was convicted by a jury of aggravated assault with an affirmative finding on

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

use of a deadly weapon.[2]  He was sentenced by the trial court to confinement for ten years.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[3]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  The State notified this Court it will not be filing an Appellee's brief unless a determination is made the appeal has merit.

---

[2] Tex. Penal Code Ann. § 22.02(a)(2).

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

By the *Anders* brief, counsel evaluates all phases of the proceedings and the sufficiency of the evidence.  He candidly concedes he is unable to identify any error which would result in reversal of Appellant's conviction.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


                                                    Alex Yarbrough
                                                        Justice


Do not publish.